## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LINDA MICHALOVIC CRAWLEY, *et al*,    ) | |
| ) | |
| Plaintiffs,    ) | |
| ) | |
| v.    ) | Case No. 19-371C |
| ) | Judge Firestone |
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Defendant.    ) | |

## <u>MOTION FOR EQUITABLE TOLLING</u>

Respectfully submitted,

Daniel M. Rosenthal
JAMES & HOFFMAN, P.C.
1130 Connecticut Avenue, N.W., Suite 950
Washington, D.C. 20036
(202) 496-0500
(202) 496-0555 facsimile
dmrosenthal@jamhoff.com

Linda Lipsett
Bernstein & Lipsett, P.C.
1130 Connecticut Ave., N.W., Suite 950
Washington, D.C. 20036
(202) 296-1798
llipsett@bernstein-lipsett.com

*Attorneys for Plaintiffs*

Dated: August 3, 2021

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

BACKGROUND ............................................................................................................... 1

ARGUMENT .................................................................................................................... 4

   I.   Legal standard .......................................................................................................... 5

  II.   Equitable tolling is necessary to prevent prejudice to opt-in plaintiffs who were unable to join this suit within the statute of limitations due to delays in receiving notice .................. 6

 III.   Equitable tolling is not precluded by sovereign immunity ................................. 9

CONCLUSION ............................................................................................................... 10

CERTIFICATE OF SERVICE ........................................................................................ 11

# TABLE OF AUTHORITIES

*Antonio-Morales v. Bimbo's Best Produce, Inc*., No. 8:5105 Sec. D, 2009 BL 373270 (E.D. La. Apr. 20, 2009) ................................................................................................................5

*Bruno v. Wells Fargo Bank N.A*., No. 2:19-cv-00587-RJC, 2021 BL 91043 (W.D. Pa. Mar. 15, 2021) ..........................................................................................................................6

*Cummins v. Ascellon Corp*., No. DKC 19-2953, 2020 BL 431387 (D. Md. Nov. 6, 2020)...........6

*Ingrum v. United States*, 77 Fed. Cl. 248 (2007) .......................................................................5, 8

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990) ..................................................................9

*Jibowu v. Target Corp*., 492 F. Supp. 3d 87 (E.D.N.Y. 2020) ........................................................5

*Kirkendall v. Dep't of the Army*, 479 F. 3d 830 (Fed. Cir. 2007)....................................................9

*Klick v. Cenikor Found*., No. 4:19-CV-1583, 2020 BL 500448 (S.D. Tex. Dec. 23, 2020) ..........6

*Lockwood v. United States*, 90 Fed. Cl. 210 (2008) ........................................................................5

*McGlone v. Contract Callers, Inc*., 867 F. Supp. 2d 438 (S.D.N.Y. 2012)...................................5

*Murray v. Silver Dollar Cabaret, Inc*., No. 5:15-CV-5177, 2017 BL 37818 (W.D. Ark. Feb. 8, 2017) ..........................................................................................................................5

*Thompson v. Direct Gen. Consumer Prods., Inc*., No. 3:12-cv-1093, 2014 BL 60909 (M.D. Tenn. Mar. 5, 2014) ..............................................................................................................5

*United States v. Brockamp,* 519 U.S. 347 (1997) .........................................................................9

*Viriri v. White Plains Hosp. Med. Ctr*., 320 F.R.D. 344 (S.D.N.Y. 2017) .....................................5

*Weddel v. Sec'y of Health & Human Services*, 100 F.3d 929 (Fed. Cir. 1996).............................5

**Statutes**

29 U.S.C. §§ 201–219...................................................................................................................2

29 U.S.C. § 255(a) .......................................................................................................................8

29 U.S.C. § 256(b) .......................................................................................................................8

Plaintiffs respectfully submit this motion for equitable tolling of the statute of limitations as of October 21, 2019, the date the Court issued its Order on Plaintiffs' Motion for Conditional Certification and permitted discovery as to nationwide certification.

Because discovery as to nationwide certification was riddled with delays in Defendant's production of information and documents, Plaintiffs were unable to move for nationwide notice until December 2020, nearly two years after the Complaint was filed. According to Defendant, these delays relate in part to the COVID-19 pandemic, as well as an internal reorganization at the VA—both issues well beyond the control of Plaintiffs. Further, even after the Court approved notice, Defendant was unable to provide contact information for notice recipients in accordance with the timelines established by the Court, causing further delay.

As a result of these delays, potential opt-in plaintiffs received notice of this case much later than they should have. Consequently, some of the opt-in plaintiffs have few if any damages within the two- or three-year statute of limitations period that would ordinarily apply to their FLSA claims, absent equitable tolling. Delays caused by Defendant should not be permitted to detract from the ability of these individuals to participate in this case and recover for the Defendant's failure to pay them in accordance with the FLSA.

In similar circumstances, courts have regularly permitted equitable tolling to protect the rights of opt-in plaintiffs. The Court should do so here to ensure that opt-in plaintiffs who were unaware of the existence of their claims until this year, through no fault of their own, are not precluded from recovery by the statute of limitations.

## BACKGROUND

Plaintiffs are Diagnostic Radiological Technologists (DRT) in the Department of Veterans Affairs (VA) who were wrongfully classified as "exempt" under the Fair Labor

Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, and thus did not receive overtime pay under the FLSA. Second Am. Compl., ECF No. 37, ¶¶ 7–23, 27, 37. Additionally, Plaintiffs were deprived night and weekend premium pay to which they were entitled under Title 5 of the U.S. Code. *Id.* ¶ 28.

Plaintiffs first filed their Complaint alleging violations of the overtime and premium pay provisions on March 11, 2019. *See* Compl., ECF No. 1. They subsequently filed an Amended Complaint on June 24, 2019, which Defendant answered on August 7, 2019.[1] *See* ECF No. 10. Shortly thereafter, Plaintiffs filed their first Motion for Conditional Certification and Notice on August 22, 2019. *See* ECF No. 14.

In the motion, Plaintiffs sought conditional certification of a class of all individuals employed by the VA as non-supervisory DRTs between 2016 and the present. *Id.* at 1. As explained in the motion, Defendant did not oppose certification of all DRTs who worked at the specific facility where the named Plaintiffs worked—the Edward J. Hines facility in Chicago— but opposed certification of a nationwide class of DRTs. *Id.* at 2–3. Plaintiffs also sought tolling of the statute of limitations from the date of the filing of the motion until notice was sent to the approved class. *Id.* at 11–12.

On October 21, 2019, the Court granted conditional certification only of a class limited to the Hines facility. *See* ECF No. 22. It denied certification of a nationwide class, but determined that the Plaintiffs would be allowed to conduct discovery as to the issue of nationwide certification *Id.* at 8–11. Finally, it denied Plaintiffs' request for equitable tolling because only

---

[1] Plaintiffs filed a Second Amended Complaint on April 15, 2020, which added additional named plaintiffs but did not contain any substantive changes. *See* ECF No. 37. Subsequent references to the Complaint will be to Second Amended Complaint.

two months had passed between the filing of the motion and the Court's decision but noted that Plaintiffs could move for equitable tolling as to a possible nationwide class at a later date. *Id.* at 10. The Court subsequently entered an order directing the parties to submit a joint status report regarding whether Plaintiffs would seek nationwide certification by January 10, 2020, later extended to March 2, 2020. ECF No. 25.

The parties then began discovery as to a nationwide class. On March 2, 2020, the parties submitted a joint status report proposing that discovery related to class certification conclude by May 8, 2020 and that Plaintiffs file any additional motion for conditional certification by May 22, 2020. ECF No. 33.

However, as explained in detail in Plaintiff's second Motion for Conditional Certification, discovery was plagued by delays. *See* ECF No. 56. In particular, Defendant's ability to produce discovery sought by Plaintiffs was significantly hampered by the COVID-19 pandemic and a reorganization of the VA's HR grouping. *See id.* As a result, several extensions of the deadline were necessary before Plaintiffs had obtained the information needed to file their motion for conditional certification of a nationwide class, which they filed on December 15, 2020. *Id.* at 3–4. Defendant did not oppose this request in light of the delays that had slowed the discovery process. *Id.* Plaintiffs further indicated that they would seek equitable tolling as to the statute of limitations at a later time, but that in the interim, the parties had agreed to a cutoff date of October 21, 2016 to identify the recipients of notice. *Id.* at 5–6.

The Court granted Plaintiffs' motion on December 17, 2020. ECF No. 57. In the order, the Court required Defendant to provide the names and contact information for the class within 10 days after issuance of the order. Yet, Defendant was unable to comply with this timeline. As a result, Plaintiffs were unable to substantially complete the sending of notice until approximately

May 3, 2021, after sending earlier notices to parts of the class in early April, early February, and late January. *See* ECF No. 68; ECF No. 83; ECF No. 95; ECF No. 108.

Several opt-in plaintiffs have submitted declarations, which are attached as exhibits to this motion, in which they describe their employment history and receipt of notice in this case. Several of these opt-in plaintiffs were classified as FLSA exempt until 2017, 2018 or 2019, when they either left the VA or were reclassified to non-exempt, but they were nevertheless unaware that the exempt designation was incorrect.[2] In fact, one opt-in plaintiff even questioned the change with her supervisor and HR, but she was not given an explanation.[3] Others never knew their FLSA exemption status because the VA never clearly informed them of it.[4] As a result, none of these opt-in plaintiffs were aware that they had any potential FLSA claims based on their FLSA designation until they received notice of this lawsuit earlier this year.[5]

## ARGUMENT

Courts regularly apply equitable tolling in FLSA collective action cases, particularly when there has been a significant delay in the sending of notice. Here, through no fault of the opt-in plaintiffs, their receipt of notice was substantially delayed. Consequently, absent tolling, many opt-in plaintiffs are likely to recover no damages at all or to have their recovery of damages significantly curtailed, despite the VA's alleged violations of the FLSA.

---

[2] *See* Affidavit of Lilybeth Go (Exhibit 1) ¶¶ 1, 2, 4; Affidavit of Cheryl Bunce (Exhibit 2) ¶¶ 1, 2, 4; Affidavit of Melody Carmichael (Exhibit 3) ¶ 2.

[3] *See* Affidavit of Melody Carmichael (Exhibit 3) ¶ 5.

[4] *See* Affidavit of Beth Revard (Exhibit 4) ¶ 4; Affidavit of Holly Mann (Exhibit 5) ¶ 2.

[5] *See* Affidavit of Lilybeth Go (Exhibit 1) ¶ 5; Affidavit of Cheryl Bunce (Exhibit 2) ¶ 4; Affidavit of Melody Carmichael (Exhibit 3) ¶ 5; Affidavit of Beth Revard (Exhibit 4) ¶ 4; Affidavit of Holly Mann (Exhibit 5) ¶ 4.

## I.    Legal standard.

"Equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lockwood v. United States*, 90 Fed. Cl. 210, 217 (2008) (internal quotations omitted). Thus, it is used when, "despite all due diligence, plaintiffs are unable to obtain essential information concerning the existence of their claim." *Ingrum v. United States*, 77 Fed. Cl. 248, 250 (2007) (quoting *Weddel v. Sec'y of Health & Human Services*, 100 F.3d 929, 931 (Fed. Cir. 1996)).

In the FLSA context, courts routinely grant equitable tolling from the date of filing of a motion for conditional certification "to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions[.]" *Antonio-Morales v. Bimbo's Best Produce, Inc*., No. 8:5105 Sec. D, 2009 BL 373270, at *2 (E.D. La. Apr. 20, 2009); *see also Jibowu v. Target Corp*., 492 F. Supp. 3d 87, 128 (E.D.N.Y. 2020) (granting tolling in light of delays caused by "protracted discovery proceedings"); *Viriri v. White Plains Hosp. Med. Ctr*., 320 F.R.D. 344, 355–56 (S.D.N.Y. 2017) (granting tolling and collecting cases on the issue); *Murray v. Silver Dollar Cabaret, Inc*., No. 5:15-CV-5177, 2017 BL 37818, at *5 (W.D. Ark. Feb. 8, 2017) (granting tolling because "Plaintiffs whose putative class representatives and their counsel are diligently and timely pursuing the claims should not be penalized due to the courts' heavy dockets and understandable delays in rulings" (internal quotation marks, citations, and alterations omitted)); *McGlone v. Contract Callers, Inc*., 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (granting tolling); *Thompson v. Direct Gen. Consumer Prods., Inc*., No. 3:12-cv-1093, 2014 BL 60909, at *8 (M.D. Tenn. Mar. 5, 2014) (granting tolling).

Moreover, delays caused by the COVID-19 pandemic have led courts to grant equitable tolling as of the filing date of the conditional certification motion in FLSA cases. *See, e.g.*, *Bruno v. Wells Fargo Bank N.A.*, No. 2:19-cv-00587-RJC, 2021 BL 91043, at *7 (W.D. Pa. Mar. 15, 2021) (explaining that "delays caused by various scheduling matters and motions, as well as the slowing of the litigation caused by the COVID-19 pandemic[,]" constitute extraordinary circumstances warranting equitable tolling); *Klick v. Cenikor Found.*, No. 4:19-CV-1583, 2020 BL 500448, at *8 (S.D. Tex. Dec. 23, 2020) (considering delays relating the defendant's various motions for extension of time and the complex procedural history of the case in light of the pandemic to approve tolling); *Cummins v. Ascellon Corp.*, No. DKC 19-2953, 2020 BL 431387, at *13 (D. Md. Nov. 6, 2020) (granting tolling after motion for conditional certification was pending for more than seven months due to the "extraordinary" COVID-19 pandemic).

## II. Equitable tolling is necessary to prevent prejudice to opt-in plaintiffs who were unable to join this suit within the statute of limitations due to delays in receiving notice.

This case presents each circumstance necessary to warrant equitable tolling: due diligence by the Plaintiffs in pursuing the case; circumstances beyond the Plaintiffs' control preventing opt-in plaintiffs from learning of the existence of their claim; and the risk of significant prejudice to opt-in plaintiffs if tolling is not granted. Accordingly, like many courts before it, this Court should permit equitable tolling in order to protect the rights of opt-in plaintiffs in this FLSA collective action.

First, Plaintiffs' diligence is evident from their actions in this case. Plaintiffs first sought conditional certification of and notice to a nationwide class immediately after Defendant filed its Answer. *See supra* at 2. Plaintiffs then promptly began discovery regarding a nationwide class after the Court issued its decision denying certification of the proposed nationwide class and permitting the parties to engage in discovery. *See supra* at 3. And when Plaintiffs were finally

able to obtain the information necessary to disseminate notice to a broader nationwide class, they did so immediately. *See supra* at 4.

For these reasons, the named Plaintiffs and their counsel were diligent. Further, the opt-in plaintiffs were diligent too. By definition, these individuals opted into the case within the three-month period stated in the approved notice. *See* ECF No. 60-1. Further, the opt-in plaintiffs generally were not aware, prior to the receipt of notice, that this case was ongoing or that Defendant had allegedly violated their rights under the FLSA. *See* Affidavit of Lilybeth Go (Exhibit 1) ¶ 5; Affidavit of Cheryl Bunce (Exhibit 2) ¶ 4; Affidavit of Melody Carmichael (Exhibit 3) ¶ 5; Affidavit of Beth Revard (Exhibit 4) ¶ 4; Affidavit of Holly Mann (Exhibit 5) ¶ 4. In fact, several of them were led to believe that their overtime pay was correct or were otherwise not given complete information about their exemption status. *See* Affidavit of Melody Carmichael (Exhibit 3) ¶ 5; Affidavit of Beth Revard (Exhibit 4) ¶¶ 2, 4; Affidavit of Holly Mann (Exhibit 5) ¶ 2. Consequently, the opt-in plaintiffs could not have reasonably sought to participate sooner.

The lengthy time that passed between Plaintiffs' first seeking notice to a nationwide class and the actual dissemination of notice, however, was entirely beyond the control of the named Plaintiffs, opt-in plaintiffs, and their counsel; as Defendant explained, it was unable to produce necessary information to Plaintiffs due to both internal factors (an HR regrouping of the VA) and external factors (the COVID-19 pandemic). *See supra* at 3. These are precisely the type of extraordinary circumstances that courts have determined warrant equitable tolling. *See supra* at 6 (explaining that procedural delays compounded by the COVID-19 pandemic warranted equitable tolling).

Finally, inevitable prejudice to Plaintiffs absent tolling is clearly present here: many opt-in plaintiffs will be severely limited in their recovery, if not precluded entirely, if tolling is not granted. Due to the circumstances described above, opt-in plaintiffs in the nationwide class did not receive notice of this suit until winter and spring 2021 and therefore did not submit the consent forms until this time. *See supra* at 4. And because the statute of limitations in an FLSA collective action is typically applied based on the date that an individual's consent form is filed with the court, the opt-in plaintiffs will only be able to recover back pay dating back to the winter or spring of 2018.[6] *See* 29 U.S.C. § 256(b). Thus, any opt-in plaintiffs who were affected by the VA's misclassification of DRTs but who either (1) left VA employment during the winter or spring of 2018; (2) or who were reclassified to non-exempt during the winter or spring of 2018 may be unable to recover due to the statute of limitations.

Further, even as to individuals who were harmed after 2018, their recovery may be greatly limited by the delay in their awareness of the case, since they will only be able to recover for workweeks in the prior two or three years, absent tolling.

Importantly, this prejudice is not speculative: numerous opt-in plaintiffs fall into the categories described above. *See supra* at 4 (describing affidavits of opt-in plaintiffs). As explained in these affidavits, many opt-in plaintiffs were not only unaware of the existence of this suit until they received notice earlier this year, but they were unaware that they had ever been misclassified by the VA and therefore had potential FLSA claims. *See supra* at 4, 7. As a result, these opt-in plaintiffs were "unable to obtain essential information concerning the existence of their claim." *Ingrum*, 77 Fed. Cl. at 250.

---

[6] Because Plaintiffs have alleged that the Government's FLSA violation was willful, they assume for purposes of this motion that the statute of limitations is three years. *See* Compl. ¶ 25; 29 U.S.C. § 255(a).

In short, equitable tolling is necessary to protect the claims of opt-in plaintiffs who will be excluded from recovery because factors beyond their control prevented them from receiving notice of this lawsuit.

## III.   Equitable tolling is not precluded by sovereign immunity.

Plaintiffs understand that the United States has previously taken the position that equitable tolling in FLSA cases is precluded by sovereign immunity. To the extent the Defendant raises that issue here, the Court should reject it because the en banc Federal Circuit has already ruled against the Government on this question. *See Kirkendall v. Dep't of the Army*, 479 F. 3d 830 (Fed. Cir. 2007) (en banc) (finding equitable tolling applicable to a claim against the Government by a job applicant, in spite of the Government's assertion of sovereign immunity). In *Kirkendall*, the Federal Circuit quoted and applied the Supreme Court's statement that, "once the government has consented to be sued through a waiver of sovereign immunity, 'making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver.'" *See id.* at 836 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990)). Thus, the Federal Circuit held that equitable tolling is ordinarily available to a plaintiff suing the federal government, on the same terms it is in private suits, unless "there is good reason to believe that Congress did *not* want the equitable tolling doctrine to apply." *Id.* (quoting *United States v. Brockamp,* 519 U.S. 347, 350 (1997) (internal alterations omitted)).

Here, there is no reason to reach a conclusion that Congress "did *not* want the equitable tolling doctrine to apply," *id.*, in FLSA collective action cases against the federal government. Consequently, equitable tolling should apply the same way here as in private sector cases. And as shown above, courts in those cases have routinely granted equitable tolling. *See supra* at 5–6.

In sum, any sovereign immunity defense that may be presented by the Government is foreclosed by clear and binding precedent.

## CONCLUSION

Plaintiffs respectfully ask the Court to grant equitable tolling as of October 21, 2019, the date that the Court issued its decision allowing the parties to engage in discovery as to a nationwide class.

Respectfully submitted,

**/s/Daniel M. Rosenthal**
Daniel M. Rosenthal
JAMES & HOFFMAN, P.C.
1130 Connecticut Avenue, N.W., Suite 950
Washington, D.C. 20036
(202) 496-0500
(202) 496-0555 facsimile
dmrosenthal@jamhoff.com

Linda Lipsett
Bernstein & Lipsett, P.C.
1130 Connecticut Ave., N.W., Suite 950
Washington, D.C. 20036
(202) 296-1798
llipsett@bernstein-lipsett.com

*Attorneys for Plaintiffs*

Dated: August 3, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of August, 2021, a copy of the foregoing Motion for

Equitable Tolling was filed electronically. I understand that notice of this filing will be sent to all

parties by operation of the Court's electronic filing system. Parties may access this filing through

the Court's system.

<u>**/s/ Daniel M. Rosenthal**</u>
Daniel M. Rosenthal