No. 19-371
(Judge Firestone)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

LINDA MICHALOVIC CRAWLEY *et al.*,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EQUITABLE TOLLING**

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARTIN F. HOCKEY, JR.
Director

REGINALD T. BLADES, JR.
Assistant Director

ANDREW HUNTER
Trial Attorney
Commercial Litigation Branch
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 305-4726
Facsimile: (202) 514-8624
ndrew.hunter@usdoj.gov

September 10, 2021                           Attorneys for Defendant

# TABLE OF CONTENTS

ARGUMENT ..................................................................................................................................1

    A.    Equitable Tolling Is Unavailable In FLSA Cases Against the Government ...................1

    B.    Equitable Tolling Is Unwarranted, Even If It Were Available .......................................4

        1.    Plaintiffs Do Not Meet The Requirements For Equitable Tolling ...............................4

# TABLE OF AUTHORITIES

## CASES

*Adams v. United States*,
 141 Fed. Cl. 428 (2019)..................................................................................................1

*Brice v. Sec'y of the Dep't of Health and Human Svcs.*,
 240 F.3d 1367 (Fed. Cir. 2001).......................................................................................4

*Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*,
 137 S. Ct. 2042, 2049 (2017) .......................................................................................10

*Christofferson v. United States*,
 64 Fed. Cl. 316 (2005)....................................................................................................9

*Coltec Indus. v. United States*,
 454 F.3d 1340 (Fed. Cir. 2006).......................................................................................5

*Crawley v. United States*,
 145 Fed. Cl. 446 (2019).....................................................................................8, 10, 11

*Doyle v. United States*,
 20 Cl. Ct. 495 (1990)...................................................................................................2, 4

*Irwin v. Department of Veterans Affairs*,
 498 U.S. 89 (1990) ............................................................................................4, 5, 10

*Ingrum v. United States*,
 77 Fed. Cl. 248 (2007)....................................................................................................3

*Japanese War Notes Claimants Ass'n v. United States*,
 178 Ct. Cl. 630.......................................................................................................5, 6, 7

*John R. Sand & Gravel Co. v. United States*,
 552 U.S. 130 (2008) .......................................................................................................3

*Jones v. United States*,
 88 Fed. Cl. 789 (2009)..............................................................................................2, 10

*K.G. v. Sec'y of Health & Human Servs.*,
 951 F.3d 1374 (Fed. Cir. 2020).......................................................................................5

*Kirkendall v. Dep't of Army*,
 479 F.3d 830 (Fed. Cir. 2007).........................................................................................3

*Lockwood v. United States,*
    90 Fed. Cl. 210 (2008) ..................................................................................................3

*Martin v. United States,*
    2015 WL 12791601 (Fed. Cl. Oct. 15, 2015).........................................................6, 9

*Menominee Indian Tribe v. United States*,
    136 S. Ct. 750 (2016) ...............................................................................................5, 11

*Moreno v. United States*,
    88 Fed. Cl. 266 (2009).....................................................................................................4

*Soriano v. United States*,
    352 U.S. 270 (1957) .........................................................................................................2

*Udvari [v. United States*,
    28 Fed. Cl. 137 (1993).....................................................................................................9

*United States v. Brockamp*,
    519 U.S. 347 (1997) ....................................................................................................3, 4

*United States v. Sherwood*,
    312 U.S. 584 (1941) .........................................................................................................2

*Young v. United States,*
    535 U.S. 43 (2002) .........................................................................................................10

## STATUTES

29 U.S.C. § 255 ........................................................................................................................1, 2

29 U.S.C. § 255(a).....................................................................................................................3, 5

iii

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LINDA MICHALOVIC CRAWLEY, *et al*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 19-371C |
| UNITED STATES OF AMERICA, | ) Judge Firestone<br>)<br>) |
| Defendant. | )<br>) |

### **DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR EQUITABLE TOLLING**

Defendant, the United States, pursuant to this Court's order dated September 9, 2021, respectfully submits this response in opposition to plaintiffs' motion for equitable tolling of the statute of limitations in this Fair Labor Standards Act (FLSA) case.

### ARGUMENT

**A. Equitable Tolling Is Unavailable In FLSA Cases Against the Government**

Contrary to plaintiffs' assertion, the FLSA's statute of limitations cannot be equitably tolled as against the United States. When enacting the FLSA, Congress provided a two-year statute of limitations within which aggrieved employees may sue their employers, or a three-year limitations period for willful violations. 29 U.S.C. § 255(a). An action is commenced under section 255 on the date of filing, in the case of a named plaintiff, or otherwise on the date upon which an individual files with the court his or her written consent to join. *Id*. at § 256. When originally enacted, the FLSA did not apply to the United States. Congress later extended the provisions of the FLSA to the United States. *Adams v. United States*, 141 Fed. Cl. 428, 431 (2019) (citing 29 U.S.C. § 213(a)).

In *Soriano v. United States*, 352 U.S. 270 (1957), the Supreme Court reiterated that "this Court has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." 352 U.S. at 276 (citing *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941)). As to the United States, the FLSA statute of limitations is an element of the waiver of sovereign immunity provided when Congress extended the FLSA to the United States. That waiver of sovereign immunity is jurisdictional, must be strictly construed, and exceptions cannot be implied. The statute of limitations, therefore, cannot be tolled as against the United States.

This Court's predecessor, the United States Claims Court, addressed the availability of equitable tolling in FLSA cases in *Doyle v. United States*, 20 Cl. Ct. 495, 499-500 (1990), *aff'd*, 931 F.2d 1546 (Fed. Cir. 1991), *cert*. *denied*, 502 U.S. 1029 (1992), holding that equitable tolling is unavailable for alleged willful violations of the FLSA because Congress has already provided an extension of the limitations period for those violations. *Id*.; *see* 29 U.S.C. § 255 (willful violations are subject to a three-year statute of limitations). Neither the Court of Appeals for the Federal Circuit, nor the Supreme Court have equitably tolled the two-year statute of limitations in FLSA cases against the Government – the relief that plaintiffs seek. *See* Mot. at 10, ECF No. 121 (seeking equitable tolling of "the FLSA's automatic two-year statute of limitations").[1]

Likewise, this Court has "acknowledged that the issue of whether equitable tolling is generally permitted under the FLSA has not been resolved by either the Supreme Court or the U.S. Court of Appeals for the Federal Circuit." *Jones v. United States*, 88 Fed. Cl. 789, 791 (2009).

---

[1] Although willful conduct has a three-year statute of limitations, the Court has not determined whether the Government's conduct is willful, and the parties have not substantively briefed the issue.

Plaintiffs do not point to any Court of Federal Claims decisions supporting the notion that equitable tolling is available for the FLSA against the United States. *See generally* Mot. What Court of Federal Claims cases plaintiffs do cite do not concern equitable tolling of the FLSA. *See* Mot. at 5, 8 (citing *Ingrum v. United States*, 77 Fed. Cl. 248 (2007), a takings case, and *Lockwood v. United States*, 90 Fed. Cl. 210 (2008), a case in which plaintiff sought equitable tolling of the six-year statute of limitations for filing a military disability claim under the Tucker Act). Rather, plaintiffs point to a number of nonbinding cases from outside this circuit pertaining to private litigants. *See* Mot. at 5.

Although plaintiffs are correct that there is a presumption that equitable tolling applies to statutes of limitation, that presumption may be rebutted. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 137 (2008) (holding that the six-year limitations period set forth in 28 U.S.C.§ 2501 is a jurisdictional requirement that cannot be waived and is not susceptible to equitable considerations). "Specific statutory language, for example, can rebut the presumption by demonstrating Congress' intent to the contrary." *Id*. at 137-38. The Supreme Court has set forth various factors that, if present, indicate that Congress intended that equitable tolling should not apply. *United States v. Brockamp*, 519 U.S. 347, 350-52 (1997). As the Federal Circuit has held, not all of these factors need be present, and even the presence of one factor can be dispositive when determining whether tolling is available. *Kirkendall v. Dep't of Army*, 479 F.3d 830, 837 (Fed. Cir. 2007) (citations omitted). Those factors include whether the statute of limitations is repeated in the statute, whether it is stated in an "unusually emphatic" form, and whether the statute of limitations already includes explicit exceptions. *See Brockamp*, 519 U.S. at 350-52. All three of these factors militate against equitable tolling are present in this case.

First, the limitations period is repeated in section 255(a). *See* 29 U.S.C. § 255(a) (action "may be commenced within two years after the cause of action accrued," and "every such action

3

shall be . . . commenced within two years after the cause of action accrued"). Second, the limitations period is stated in an unusually emphatic form. *Id*. ("every such action *shall be forever barred* unless commenced within two years after the cause of action accrued.") (italics added). Third, the FLSA sets forth an explicit exception to the general two-year rule: "every such action shall be forever barred unless commenced within two years after the cause of action accrued, *except that* a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." *Id*. (italics added). Because section 255 "sets forth explicit exceptions to its basic time limits, and those very specific exceptions do not include 'equitable tolling,'" tolling would be inconsistent with the intent of Congress that tolling not be permitted. *Brockamp*, 519 U.S. at 351-52; *see also Brice v. Sec'y of the Dep't of Health and Human Svcs.*, 240 F.3d 1367, 1373 (Fed. Cir. 2001) ("When an Act includes specific exceptions to a limitations period, we are not inclined to create other exceptions not specified by Congress."); *Doyle*, 20 Cl. Ct. at 499-500 (holding that equitable tolling does not apply to FLSA statute of limitations, in part, because of the exception for a willful violation). The FLSA's statute of limitations for claims against the Government is not subject to equitable tolling.

    **B. Equitable Tolling Is Unwarranted, Even If It Were Available**

        1. <u>Plaintiffs Do Not Meet The Requirements For Equitable Tolling</u>

Even if the Court were to find that the United States waived its sovereign immunity, equitable tolling is still available in only limited circumstances that plaintiffs fail to show are present in this case.

As explained above, no binding precedent establishes that the FLSA statute of limitations can be tolled at all. With respect to equitable tolling generally, however, this Court has consistently followed the Supreme Court's holding in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990), which addressed equitable tolling in a discrimination lawsuit against the

4

Department of Veterans Affairs.  Plaintiffs similarly argue that *Irwin* controls here.  *See* Mot. at 9.  In *Irwin*, the plaintiff filed an untimely complaint because his attorney had failed to notify him of the agency's final decision.  The Supreme Court held that his claim of excusable neglect by his attorney did not warrant equitable tolling of the statute of limitations.  *Irwin*, 498 U.S. at 90.  Rather, the Court held that "Federal courts have typically extended equitable relief only sparingly in suits against private litigants, allowing tolling where the claimant has actively pursued his judicial remedies by filing a defective pleading or where he has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."  *Id*.

The Court of Claims articulated the test for equitable tolling:  "[p]laintiff must either show that defendant has concealed its actions with the result that plaintiff was unaware of their existence or it must show that its injury was 'inherently unknowable' at the accrual date." *Japanese War Notes Claimants Ass'n v. United States*, 178 Ct. Cl. 630, 634; 373 F.2d 356, 359 (1967).[2]  "Ignorance of rights which should be known is not enough."  *Id*.  Recently, in a National Vaccine case, the Federal Circuit held that equitable tolling can be appropriate only if a plaintiff establishes both that "(1) she pursued her rights diligently, and (2) an extraordinary circumstance prevented her from timely filing the claim."  *K.G. v. Sec'y of Health & Human Servs.*, 951 F.3d 1374, 1379 (Fed. Cir. 2020) (citing *Menominee Indian Tribe v. United States*, 136 S. Ct. 750, 755 (2016)).  Finally, this Court articulated a test in its previous ruling in this case, ECF  No. 22.  "Assuming that the FLSA's statute of limitations can be equitably tolled, this court has recognized that equitable tolling may be justified in three circumstances: (1) a defective pleading was filed during the statutory period; (2) plaintiff was induced or tricked by defendant's

---

[2] In addition to that of the Supreme Court and the Federal Circuit, this Court is also bound by precedent of the Court of Claims.  *Coltec Indus. v. United States*, 454 F.3d 1340, 1353 (Fed. Cir. 2006).

misconduct into allowing the filing deadline to pass; or (3) plaintiff's injury was inherently unknowable." (citing *Martin v. United States*, 2015 WL 12791601, at *3 (Fed. Cl. Oct. 15, 2015)).

Plaintiffs cannot meet any of these requirements to demonstrate that equitable tolling could be appropriate here. First, they do not allege any defective pleading. Second, plaintiffs do not allege that the Government systematically induced or tricked opt-in plaintiffs into missing any filing deadline, such that it would be appropriate to equitably toll the statute as to the entire collective. Third, plaintiffs cannot show that their injuries were inherently unknowable. Plaintiffs attempt to establish this last factor by attaching declarations showing that certain opt-in plaintiffs were unaware they had a claim for overtime pay and further unaware of this litigation until they received notice of an opportunity to join this litigation. *See* Mot. Exs. 1-5.

This argument conflate the effects of litigation delay with the accrual of opt-in plaintiffs' claims. This Court's controlling precedent requires the accrual of a plaintiff's claims to be inherently unknowable for equitable tolling to be justified. *See Japanese War Notes Claimants*, 373 F.2d at 359. The fact that certain opt-in plaintiffs were not aware of the existence of this litigation until receiving notice of an opportunity to join it does not affect the date on which those plaintiffs' claims accrued nor their responsibility to act on their rights independent of this litigation. In *Japanese War Notes Claimants*, the Court explained that a "plaintiff must either show that defendant has concealed its acts with the result that plaintiff was unaware of their existence or it must show that its injury was 'inherently unknowable' at the accrual date. *An example of the latter would be when defendant delivers the wrong type of fruit tree to plaintiff and the wrong cannot be determined until the tree bears fruit*." *Id*. (emphasis added). Here, plaintiffs do not allege, and there is no evidence that, the Government concealed its acts in

6

failing to pay DRTs overtime in any systematic way. Indeed, plaintiffs make no such argument nor can they, as each and every plaintiff received pay statements reflecting the hours they worked and the pay they received, and thus put plaintiffs on notice as to whether they were receiving overtime pay or not. Plaintiffs sidestep this fact and claim that the extraordinary circumstance that justifies tolling the statute of limitations for the collective is the delay in class certification discovery and issuance of notice. Mot. 6-8. Because such a litigation delay is fundamentally different than knowing that their FLSA claim accrued, the facts in this case do not meet the standard that should be imposed in an equitable tolling analysis (if the Court were to conclude equitable tolling is available as a threshold matter). 373 F.2d at 359.

To counter this straightforward implication, plaintiffs rely on three example declarations, of the five filed with their motion, to contend that tolling is appropriate for the entire collective, because "several of them were led to believe that their overtime pay was correct or were otherwise not given complete information about their exemption status." Mot. at 7. The facts alleged in these declarations do not justify equitable tolling, and certainly do not justify its application to the entire collective.

First, Ms. Carmichael's declaration alleges that her FLSA status was changed from exempt to nonexempt on January 6, 2019. Mot., Ex. 3 at ¶ 2. She further alleges that HR and payroll departments at the VA were "unable to adequately explain the change or explain which FLSA classification was correct." *Id.* at ¶ 5. Far from demonstrating why the statute should be tolled as to her claim, these facts demonstrate the opposite. Apart from the general notice an employee receives with their pay statement that they are not receiving overtime pay, Ms. Carmichael was on notice two months before this litigation was even filed that something was amiss with her pay. She declined to pursue her rights in this regard until joining this litigation, as

7

is her right, but these facts do not demonstrate any extraordinary circumstance that would justify tolling the FLSA statute of limitations.

Second, Ms. Revard's declaration alleges that shortly after she began work at the VA in October 2011, she asked her supervisor why she was not receiving overtime pay and was told that "overtime pay was capped for government employees." Mot., Ex. 4 at ¶ 4. According to Ms. Revard, she regularly worked overtime hours until January 2017. *Id.* at ¶ 1. Although Ms. Revard's declaration does appear to allege that she was once misinformed by her supervisor ten years ago, it is notable that she worked at the VA until her retirement in May 2019. Even crediting Ms. Revard's allegation, her declaration does not demonstrate that she diligently pursued her rights, or was prevented from doing so by the alleged single statement of her supervisor ten years ago. At most, Ms. Revard's declaration raises questions as to whether equitable tolling (if it were available at all) would be appropriate for her individual claim, and demonstrates nothing about the propriety of its application to the entire collective.[3]

Third, Ms. Mann's declaration merely alleges that she was "never clearly informed" of her exemption status under the FLSA. Mot., Ex. 5, at ¶ 2. It is unclear what this statement means exactly, but it can be safely assumed that Ms. Mann knew that she was not being paid overtime for hours worked in excess of 40 per week or 8 per day. Thus, Ms. Mann was undoubtedly on notice of the facts giving rise to her claim.

Thus, opt-in plaintiffs were not "induced or tricked by defendant's misconduct into allowing the filing deadline to pass," nor were their claims for overtime pay "inherently unknowable." *See Crawley v. United States*, 145 Fed. Cl. 446, 452 (2019) (ECF No. 22)

---

[3] Ms. Revard's statement highlights why statutes of limitations exist in the first place. The difficulties of investigating and contextualizing alleged statements made in an oral conversation ten years ago are significant and the relevant evidence has long been stale.

8

(explaining that equitable tolling should be applied "sparingly" and declining to toll the statute of limitations for the time that the motion for conditional certification was pending because plaintiffs failed to show that they met any of the circumstances to do so (citing *Martin*, 2015 WL 12791601 at *3)). To accept the proposition that a claim is inherently unknowable unless and until a plaintiff receives Court ordered notice of his or her potential claim would allow equitable tolling in virtually every case, hollowing the statute of limitations simply because a plaintiff was purportedly unaware of a claim. In *Christofferson v. United States*, 64 Fed. Cl. 316 (2005), for example, plaintiffs sought to equitably toll the statute of limitations by asserting that their claims were inherently unknowable. 64 Fed. Cl. at 326. The Court rejected the argument, finding plaintiffs clearly on notice that the government would not pay them overtime and thus making them aware of the underlying facts regarding their claims. *Id*. at 327. Recognizing the slippery slope of allowing equitable tolling due to purported ignorance, the Court explained that

> Plaintiffs, in effect, argue that the government had a duty to give them notice of potential claims. We must agree with the court in *Udvari* [*v. United States*, 28 Fed. Cl. 137 (1993),] that no such duty exists. If successful, this argument would mean that the limitations period would run indefinitely; equitable tolling, an exception, would swallow the rule.

*Id*. at 327-28.

Plaintiffs thus cannot demonstrate that the accrual of their claims was "inherently unknowable," and make no attempt to do so in any event. Thus, these opt-in plaintiffs have not demonstrated, or cannot demonstrate, that they "pursued [their] rights diligently" so as to warrant equitable tolling for their individual claims, what to speak of the entire collective.

The opt-in plaintiffs' inactions during the pendency of this case do not demonstrate the diligent pursuit of their claims. As this Court has explained after declining to equitably toll the period of time during which a motion to dismiss and a motion for conditional certification were

9

pending, "our staying of class certification would not prevent putative plaintiffs from asserting a potentially colorable claim for relief, nor would it affect their ability to commence their own litigation." *Jones*, 88 Fed. Cl. at 791; *see also Crawley*, 145 Fed. Cl. at 452 (explaining that equitable tolling should be applied "sparingly" and declining to toll the statute of limitations for the time that the motion for conditional certification was pending because plaintiffs failed to show that they met any of the circumstances to do so).

Under *Irwin v. Department of Veterans Affairs*, cited by plaintiffs, Mot. at 9, the "extraordinary circumstances" necessary to justify tolling exclude "a garden variety claim of excusable neglect." 498 U.S. 89, 96 (1990). "Statutes of limitations are designed to encourage plaintiffs to pursue diligent prosecution of known claims," *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.,* 137 S. Ct. 2042, 2049 (2017) (internal quotation marks omitted), by "prescrib[ing] a period within which certain rights ... may be enforced." *Young v. United States*, 535 U.S. 43, 47 49–50 (2002). Opt-in plaintiffs, at all times during the pendency of this litigation, had the opportunity and right to commence their own litigation. In fact, that is exactly the situation of the plaintiffs in *Platania v. United States*, No. 20-444, and *Sesi v. United States*, No. 20-823. These cases were commenced by DRT plaintiffs during the pendency of this case, and consolidated with this case by Order dated August 25, 2020. ECF No. 51. The very commencement of these cases demonstrates the ability of DRT plaintiffs to diligently pursue their claims independent of the discovery issues in this case. By contrast, opt-in plaintiffs' failure to commence or join litigation, prior to receiving notice, does not present a case of diligent prosecution of their rights such as would justify tolling the statute of limitations, and at most presents a case of garden variety neglect. This Court has already observed "that for equitable tolling to apply, a plaintiff must show that 'some extraordinary circumstance stood in

his way and prevented timely filing[.]'"  *Crawley*, 145 Fed. Cl. at 452 (ECF No. 22) (quoting *Menominee Indian Tribe of Wis. V. United States*, 136 S. Ct. 750, 755 (2016)).  As such, equitable tolling of the statute for such plaintiffs is not justified.

Plaintiffs rely upon numerous, nonbinding cases from outside of this Circuit to assert that delays outside of the plaintiff's control, such as the admitted discovery delays in this case, are the type of extraordinary circumstances warranting equitable tolling of the statute of limitations.  But these cases have no bearing on whether equitable tolling against the Federal Government is permitted in these circumstances.

Plaintiffs have failed to demonstrate that equitable tolling, even if available in FLSA cases, is appropriate in this case for opt-in plaintiffs.  The claims of the opt-in plaintiffs do not meet any of the factors necessary for tolling, and no "extraordinary circumstances" warrant equitable tolling.  Plaintiffs' citation to the extraordinary circumstances, of COVID-19 related delays and the reorganization of the VA's HR apparatus, pertain only to discovery delays, and do not distinguish opt-in plaintiffs' failure to file their own litigation from the ordinary case of neglect in pursuing one's rights.  For these reasons, the Court should deny plaintiffs' request for equitable tolling.

                Respectfully submitted,

                BRIAN M. BOYNTON
                Acting Assistant Attorney General

                MARTIN F. HOCKEY, Jr.
                Director

                <u>s/Reginald T. Blades, Jr.</u>
                REGINALD T. BLADES, JR.
                Assistant Director

|  |  |
|---|---|
|  | <u>s/Andrew Hunter</u><br>ANDREW HUNTER<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tele: (202) 305-4726<br>Fax: (202) 514-8624<br>andrew.hunter@usdoj.gov |
| September 10, 2021 | Attorneys for Defendant |